Jerome Rothberg v. Commissioner.
Rothberg v. Commissioner
Docket No. 23498.
United States Tax Court
1950 Tax Ct. Memo LEXIS 18; 9 T.C.M. (CCH) 1110; T.C.M. (RIA) 50298; December 8, 1950
*18 Jerome Rothberg, pro se. John J. Madden, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Petitioner contests respondent's determination of deficiencies in income tax for 1943 to 1946, inclusive, in the amounts of $1,309.11, $21,037.98, $442.13, and $793.02, respectively, together with a 25 per cent penalty of $327.28 for failure to file a return in 1943, and 50 per cent fraud penalties for 1943 to 1946, inclusive, in the amounts of $654.56, $10,518.99, $221.07, and $396.51, respectively. Some of the facts have been stipulated. Findings of Fact The stipulated facts are hereby found accordingly. Petitioner is a resident of New York, New York. He did not file an income tax return for 1943. He filed returns for the years 1944 to 1946, inclusive, with the collector of internal revenue for the fourteenth district of New York. On October 14, 1943, petitioner was discharged from the United States Army. Late in 1943 or early in 1944 petitioner became associated with Central Sales Company. During 1944 he became a partner, and he has continued as a partner in that firm, engaged in the wholesale textile business. During the taxable *19 years in dispute petitioner carried on the business of selling textiles under his personal name and the name of Rothberg Textiles. He maintained a checking account in the Manufacturers Trust Company, and the sums deposited therein consisted of proceeds of sales of merchandise by petitioner. In 1943 petitioner made a sale in the amount of $2,702.91, cashing, not depositing, the check received in payment. In that year petitioner deposited $3,013.07 in his bank account. During 1944 he deposited sums totaling $45,309.24, of which $5,105.70 represented transfers. During 1945 he deposited sums totaling $1,920.80. During 1946 he deposited $3,727.56. During the years 1943 to 1946, inclusive, petitioner withdrew sums from his bank account totaling $2,996.46, $42,427.18, $4,315.91, and $2,280.28, respectively. Petitioner's tax return for 1944 reported income of $1,085.31 from the partnership of Central Sales Co. His tax return for 1945 reported income of $3,303.76 from that partnership. His 1946 return reported income of $1,535.27 from the partnership, plus the sum of $1,300 as "commissions" No part of the deficiency for each of the years is due to fraud with intent to evade tax. Opinion
*20 We are not willing to accept petitioner's testimony as true in the light of its many uncertainties and contradictions. That being the only evidence, save for the stipulation which is non-committal, it follows that he has not sustained his burden of proving that respondent's determination of the deficiencies was erroneous. When it comes to the fraud penalties, however, respondent introduced no evidence from which it can be concluded that he has sustained his burden. While petitioner's testimony does not justify the belief that it was truthful, it contains no statements demonstrating affirmatively that he was guilty of fraud. The fraud issue must accordingly be decided in petitioner's favor, even though the deficiencies themselves are sustained. . The delinquency penalty for the year 1943 must be upheld since petitioner filed no return and offered no excuse or reason from which it might be concluded that his failure was due to reasonable cause and not to wilful neglect. , affirmed (CA-2), . Decision will be entered under Rule 50.